UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LOGAN BURTON, *et al.*,  Case No. 1:24-cv-45
   Plaintiffs,  Litkovitz, M.J.

  vs.

CODY CLAY WINN, *et al.*,  ORDER
   Defendants.

This matter is before the Court on defendant Cody C. Winn's motions to stay proceedings pending resolution of a related criminal case pending in the Court of Common Pleas of Clermont County, Ohio (Case No. 24 2024 CR 000793). (Docs. 26, 28)[1]. Plaintiffs do not oppose the motion. (Doc. 29).

I. **Background**

Plaintiffs allege that defendant Winn and other John Doe defendants created defendant Market Modern, LLC, as part of "a scheme to defraud individuals and businesses through online advertising. . . ." (Doc. 1, ¶¶ 2-3). Plaintiffs bring claims under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO) and corresponding Ohio law and claims alleging breach of contract, civil recovery for a criminal act, unjust enrichment/disgorgement, fraud/fraudulent inducement, and fraudulent conveyance. (*See generally id.*).

On December 26, 2024, a grand jury in Clermont County, Ohio indicted defendant Winn on 93 felony counts of Grand Theft and Telecommunications Fraud. Defendant Winn represents that the purported victims—identified only by their initials in the attached indictment (*see* Doc. 28 at PAGEID 384-418)—include many if not all of the plaintiffs in the above-captioned

---

[1] The second motion was filed in response to the Clerk's Notice of Non-Compliance with S.D. Ohio Civ. R. 5.1(c). (Doc. 27).

lawsuit, and that the allegations are also nearly identical.

## II. Legal standard

The Court has discretion to stay proceedings. As the Supreme Court explained:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). *See also Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). In determining whether to stay a civil action while a criminal action is pending, courts should weigh the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).

## III. Disposition

The *E.M.A Nationwide, Inc.* factors weigh in favor of a stay. On the first factor, defendant Winn represents that the facts/victims in the criminal case are nearly identical to the facts/plaintiffs in the above-captioned case. On the second factor, defendant Winn has been indicted in the criminal case. On the third factor, plaintiffs do not oppose defendant Winn's motion. On the fourth factor, defendant Winn represents that he would be significantly burdened by having to defend against the 93-count criminal indictment concurrently with the above-captioned case. He also represents that the substantial likelihood of having to invoke the Fifth

Amendment during the course of discovery in the above-captioned case could result in adverse inferences against him; at the same time, declining to invoke that protection could prejudice his criminal defense. On the fifth factor, the criminal prosecution is expected to seek restitution based on many of the same facts alleged in the above-captioned suit. It would unnecessarily duplicate judicial efforts to make these factual determinations in both forums. Finally, allowing defendant Winn to concentrate resources on his criminal defense and having only one forum decide the overlapping factual issues serve the public's interest in the efficient administration of justice.

For the foregoing reasons, defendant Winn's motions (Docs. 26, 28) are **GRANTED**.

**IT IS SO ORDERED**.

Date: 2/5/2025

Karen L. Litkovitz
United States Magistrate Judge